*Plan II*

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
APR 23 1965
ALTON L. CURTIS, CLERK
BY _____ DEPUTY

# PLAN FOR INTEGRATING CALCASIEU PARISH SCHOOLS

WHEREAS, the Calcasieu Parish School Board has been directed to present to the Court by March 3, 1965, a plan designated to bring about compliance with the Court order of February 3, 1965 which requires that the Board submit a plan for orderly desegregation of the Calcasieu Parish Schools, and

WHEREAS, the Calcasieu Parish public schools have in the past been organized and are, at the time of this resolution, organized into elementary school districts intended to provide for those students living in the immediate area. However, it has been necessary to make certain deviations because of the density in population, available land for the school site, the need to make maximum use of existing building facilities, and the attendant problems of a rapidly expanding community, and

WHEREAS, the school system has been organized into junior high school and senior high school districts based upon the designation of contributing elementary school districts, or parts of elementary school districts for junior high school and contributing junior high school districts, or parts of junior high school districts, for senior high schools, and

WHEREAS, the decision of parents to have their children change the school which they have been attending, pursuant to the order of the Honorable United States District Court that the school district be desegregated, will create a need for the staff and the schools involved to make changes in the assignment of building space, the organization of the school staff for instruction, and the distribution of instructional supplies, and

WHEREAS, pending further studies and recommendations by the school authorities, the Calcasieu Parish School Board considers that any general or arbitrary reallocation of pupils heretofore entered in the public school system according to any rigid rule of proximity of residence or in accordance solely with the requests on behalf of pupils would be disruptive to orderly administration and would tend to invite or induce disorganization and would impose excessive burdens on the available resources as well as teaching and administrative personnel of the schools, and

WHEREAS, the State Board of Education has not promulgated rules and regulations relative to placement of students in the schools and this Board has the inherent power of pupil placement and more complete regulations are necessary.

NOW THEREFORE, to insure the continued orderly and efficient operation of the school system and to comply with the order of the Honorable United States District Court and to instruct the school staff as to how they shall handle the problems of desegregation and to insure orderly procedure of uniform application for pupil assignment, transfer, and/or placement, and to enable the continuing improvement of educational advantages offered, the following rules and procedures shall be followed:

1. All initial pupil assignments made for the school year 1965-66, even though made on the basis of race, will be considered adequate, subject however to the following transfer provisions:

(a) The Calcasieu Parish School Board will, not later than July 1, 1965 mail notices to all students, regardless of race or color, presently assigned for the school year 1965-66 to the twelfth grade of any school under its jurisdiction, advising them that they may, from July 8, 1965 to July 15, 1965 apply for transfer and reassignment to the twelfth grade of another school of their choice.

(b) Such transfers will be made in accordance with the procedures pertaining to transfers currently in general use by the Calcasieu Parish School Board. Application forms for transfers will be made available, upon request, by the School Board to all students affected, and complete, detailed instructions as to procedures to be followed in applying for transfers will be furnished with the applications.

(c) The Calcasieu Parish School Board will, not later than July 1, 1965, cause to be published in the Lake Charles American Press, a notice to persons responsible for pupils eligible to enter the first grade, advising said persons that applications for assignment to the first grade of any school under its jurisdiction, may be made from July 8, 1965 to July 15, 1965.

(d) Transfers or assignments, when requested, shall not be unreasonably denied. No denial of a request for transfer or assignment shall be based on race or color. However, in determining whether or not a request for transfer or assignment shall be granted, the School Board, in considering the application for transfer or assignment, may consider the following factors as proper criteria to be applied in granting or denying the request for transfer or assignment:

(1) The desire or wishes of the pupil and his parents or guardian.

(2) Availability of space and other facilities in the school to which the transfer or assignment is requested.

(3) The age of the pupil as compared with the ages of pupils already attending the school to which transfer is requested.

(4) The availability of requested or desired courses of study in the school to which the transfer is requested.

(5) The scholastic record, ability and aptitude of the pupil as determined from his prior school record, and his compatibility or reasonably expected compatibility in this

regard with the school to which transfer is requested. Additional standard achievement tests may be administered to the applicants at the discretion of the Superintendent or his designated representative, to determine scholastic compatibility with the school to which a transfer is requested.

(6) In the event a transfer or assignment is requested to a particular school, but it develops that there is available space in another school, in all respects comparable to the one to which transfer or assignment is requested, closer to the applicant's residence, the School Board may, if it deems it advisable, make the transfer or assignment to the comparable school closest to the pupil's residence, rather than to the school to which the transfer or assignment was requested.

(7) No pupil will be granted more than one transfer in any one school year unless he has a change of residence.

(8) No request for transfer or assignment may be denied solely on the grounds of

       technical errors or omissions made by the applicant or his parents or guardian in the preparation of the application for transfer or assignment.

(e) All pupils requesting transfer or assignment in accordance herewith shall be notified in writing by the School Board of action taken on their requests for transfer or assignment not later than August 10, 1965. If such notification is to the effect that the requested transfer or assignment has been denied, specific reasons for such denial shall be clearly set forth in the notification of rejection.

(f) If a requested transfer or assignment is denied and the applicant or his parents or guardian wish to make objection to the denial, such objection shall be filed in writing with the Superintendent of Schools, or his designated representative, not later than August 16, 1965. In such event, the party thus taking exception to the School Board's ruling may, if he wishes, request a conference with the Superintendent of Schools, or his designated representative, in order to more fully discuss the reasons for rejection. If such a conference is requested, it shall be granted, and all such conferences shall be made available from August 16, 1965

through August 20, 1965. In the absence of objections and/or requests for conferences being filed as herein provided, it will be conclusively presumed that the applicant has no objection to the action taken by the Board.

(g) When an applicant's request for transfer or assignment has been rejected, and appeal proceedings hereinabove outlined have been exhausted, and further relief is sought by the applicant, such further relief may then be sought through appropriate judicial proceedings.

2. Commencing with the school year 1966-67 all initial assignments of pupils to the first, second, tenth, eleventh and twelfth grades in all schools under the supervision and control of the Calcasieu Parish School Board shall be made purely and simply on the basis of individual choice, reserving to all pupils, however, the right to apply for transfer in accordance with the procedures hereinabove established, and reserving to the School Board through its authorized representatives, the right to place a pupil in a school other than the school of his choice should there be a comparable school closer to the pupil's residence than is the school of his choice.

3. In each succeeding school year this planned desegregation shall progress to include two additional grades down from the top so that within a total of six years all twelve grades will have been desegregated in accordance herewith. As the plan progresses, the right shall always be reserved to all students to apply for transfer in accordance with the procedures hereinabove set forth, and the right shall always be reserved to the School Board to place a pupil in a school other than the school of his choice should there be a comparable school closer to the pupil's residence than is the school of his choice.

4. The method of initial assignment herein provided for will, of course, be subject to all reasonable procedural requirements that may be adopted and promulgated by the Calcasieu Parish School Board.

5. Nothing contained in this order shall be construed to prevent the separation of boys and girls in any school or grade, or to prevent the assignment of boys and girls to separate schools.

6. If any paragraph of these rules and procedures shall be held by any court of competent jurisdiction to be invalid for any reason, the remaining paragraphs shall continue in full force and effect. If any portion, clause, or sentence of any paragraph shall be held by any court of competent jurisdiction to be invalid for any reason, the remainder of such paragraph shall continue in full force and effect.

PLAN FOR INTEGRATING LAKE CHARLES CITY SCHOOLS

WHEREAS, the Lake Charles City School Board has been directed to present to the Court by March 3, 1965, a plan designated to bring about compliance with the Court order of February 3, 1965 which requires that the Board submit a plan for orderly desegregation of the Lake Charles City Schools, and

WHEREAS, the Lake Charles City public schools have in the past been organized and are, at the time of this resolution, organized into elementary school districts intended to provide for those students living in the immediate area. However, it has been necessary to make certain deviations because of the density in population, available land for the school site, the need to make maximum use of existing building facilities, and the attendant problems of a rapidly expanding community, and

WHEREAS, the school system has been organized into junior high school and senior high school districts based upon the designation of contributing elementary school districts, or parts of elementary school districts for junior high school and contributing junior high school districts, or parts of junior high school districts, for senior high schools, and

WHEREAS, the decision of parents to have their children change the school which they have been attending, pursuant to the order of the Honorable United States District Court that the school district be desegregated, will create a need for the staff and the schools involved to make changes in the assignment of building space, the organization of the school staff for instruction, and the distribution of instructional supplies, and

WHEREAS, pending further studies and recommendations by the school authorities, the Calcasieu Parish School Board considers that any general or arbitrary reallocation of pupils heretofore entered in the public school system according to any rigid rule of proximity of residence or in accordance solely with the requests on behalf of pupils would be disruptive to orderly administration and would tend to invite or induce disorganization and would impose excessive burdens on the available resources as well as teaching and administrative personnel of the schools, and

WHEREAS, the State Board of Education has not promulgated rules and regulations relative to placement of students in the schools, and this Board has the inherent power of pupil placement and more complete regulations are necessary.

NOW THEREFORE, to insure the continued orderly and efficient operation of the school system and to comply with the order of the Honorable United States District Court and to instruct the school staff as to how they shall handle the problems of desegregation and to insure orderly procedure of uniform application for pupil assignment, transfer, and/or placement, and to enable the continuing improvement of educational advantages offered, the following rules and procedures shall be followed:

1. All initial pupil assignments made for the school year 1965-66, even though made on the basis of race, will be considered adequate, subject however to the following transfer provisions:

    (a) The Lake Charles City School Board will, not later than July 1, 1965 mail notices

to all students, regardless of race or color, presently assigned for the school year 1965-66 to the twelfth grade of any school under its jurisdiction, advising them that they may, from July 8, 1965 to July 15, 1965 apply for transfer and reassignment to the twelfth grade of another school of their choice.

(b) Such transfers will be made in accordance with the procedures pertaining to transfers currently in general use by the Lake Charles City School Board. Application forms for transfers will be made available, upon request, by the School Board to all students affected, and complete, detailed instructions as to procedures to be followed in applying for transfers will be furnished with the applications.

(c) The Lake Charles City School Board will, not later than July 1, 1965, cause to be published in the Lake Charles American Press, a notice to persons responsible for pupils eligible to enter the first grade, advising said persons that applications for assignment to the first grade of any school under its jurisdiction, may be made from July 8, 1965 to July 15, 1965.

(d) Transfers or assignments, when requested,

shall not be unreasonably denied. No denial
of a request for transfer or assignment shall
be based on race or color. However, in determining whether or not a request for transfer
or assignment shall be granted, the School
Board, in considering the application for
transfer or assignment, may consider the following
factors as proper criteria to be applied in granting
or denying the request for transfer or assignment:

(1) The desire or wishes of the pupil and his
    parents or guardian.

(2) Availability of space and other facilities
    in the school to which the transfer or
    assignment is requested.

(3) The age of the pupil as compared with
    the ages of pupils already attending the
    school to which transfer is requested.

(4) The availability of requested or desired
    courses of study in the school to which the
    transfer is requested.

(5) The scholastic record, ability and aptitude
    of the pupil as determined from his prior
    school record, and his compatibility or
    reasonably expected compatibility in this
    regard with the school to which transfer
    is requested. Additional standard

achievement tests may be administered to the applicants at the discretion of the Superintendent or his designated representatives, to determine scholastic compatibility with the school to which a transfer is requested.

(6) In the event a transfer or assignment is requested to a particular school, but it develops that there is available space in another school, in all respects comparable to the one to which transfer or assignment is requested, closer to the applicant's residence, the School Board may, if it deems it advisable, make the transfer or assignment to the comparable school closest to the pupil's residence, rather than to the school to which the transfer or assignment was requested.

(7) No pupil will be granted more than one transfer in any one school year unless he has a change of residence.

(8) No request for transfer or assignment may be denied solely on the grounds of technical errors or ommissions made by the applicant or his parents or

guardian in the preparation of the application for transfer or assignment.

(e) All pupils requesting transfer or assignment in accordance herewith shall be notified in writing by the School Board of action taken on their requests for transfer or assignment not later than August 10, 1965. If such notification is to the effect that the requested transfer or assignment has been denied, specific reasons for such denial shall be clearly set forth in the notification of rejection.

(f) If a requested transfer or assignment is denied and the applicant or his parents or guardian wish to make objection to the denial, such objection shall be filed in writing with the Superintendent of Schools, or his designated representative, not later than August 16, 1965. In such event, the party thus taking exception to the School Board's ruling may, if he wishes, request a conference with the Superintendent of Schools, or his designated representative, in order to more fully discuss the reasons for rejection. If such a conference is requested, it shall be granted, and all such conferences shall be made available from August 16, 1965 through August 20, 1965. In the absence of objections and/or requests for conferences

being filed as herein provided, it will be conclusively presumed that the applicant has no objection to the action taken by the Board.

 (g) When an applicant's request for transfer or assignment has been rejected, and appeal proceedings hereinabove outlined have been exhausted, and further relief is sought by the applicant, such further relief may then be sought through appropriate judicial proceedings.

2. Commencing with the school year 1966-67, all intital assignments of pupils to the first, second, tenth, eleventh and twelfth grades in all schools under the supervision and control of the Lake Charles City School Board shall be made purely and simply on the basis of individual choice, reserving to all pupils, however, the right to apply for transfer in accordance with the procedures hereinabove established, and reserving to the School Board through its authorized representatives, the right to place a pupil in a school other than the school of his choice should there be a comparable school closer to the pupil's residence than is the school of his choice.

3. In each succeeding school year this planned de-

segregation shall progress to include two additional grades down from the top so that within a total of six years all twelve grades will have been desegregated in accordance herewith. As the plan progresses, the right shall always be reserved to all students to apply for transfer in accordance with the procedures hereinabove set forth, and the right shall always be reserved to the School Board to place a pupil in a school other than the school of his choice should there be a comparable school closer to the pupil's residence than is the school of his choice.

4. The method of initial assignment herein provided for will, of course, be subject to all reasonable procedural requirements that may be adopted and promulgated by the Lake Charles City School Board.

5. Nothing contained in this order shall be construed to prevent the separation of boys and girls in any school or grade, or to prevent the assignment of boys and girls to separate schools.

6. If any paragraph of these rules and procedures shall be held by any court of competent jurisdiction to be invalid for any reason, the remaining paragraphs shall continue in full force and effect. If any portion, clause, or sentence of any paragraph shall be held by any court of competent jurisdiction to be invalid for any reason, the remainder of such paragraph shall continue in full force and effect.

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

- - - - - - o o O o o - - - - - -

RICKEY DALE CONLEY AND LANA : 
GAIL CONLEY, etc., ET AL :
:
VS. :
: CIVIL ACTION NO. 9981
LAKE CHARLES SCHOOL BOARD, etc. :
    and :
CALCASIEU PARISH SCHOOL BOARD, :
etc. :

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
F I L E D

APR 23 1965

ALTON L. CURTIS, CLERK
BY _____
DEPUTY

## ORDER APPROVING PLAN OF DESEGREGATION

Proposed Plans No. II as submitted by the Calcasieu[1] Parish and Lake Charles City School Boards are hereby approved with the following amendments and modifications:

(1)  The words "even though made on the basis of race" are deleted from Paragraph (1).

(2)  "July 15, 1965" is deleted from Paragraphs 1(a) and 1(c), and in lieu thereof is inserted "August 1, 1965" in each instance.

(3)  Paragraph 1(c) is further amended so that the public notice therein required shall consist of the publication of said notice for three (3) consecutive days beginning July 1, 1965.

(4)  Paragraphs 1(d)(5) and 1(f) are deleted in their entirety.

(5)  Paragraph 1(g) is amended by deleting the clause "* * * and appeal proceedings hereinabove outlined have been

---

1. Filed herewith and made a part hereof.

exhausted, and further relief is sought by the applicant, * * *."

(6) Paragraph 3 is deleted and substituted in lieu thereof is the following:

"In each succeeding school year this planned desegregation shall progress so that all grades shall be included by September 1968. Dual school districts on racial lines shall be abolished contemporaneously with the application of this plan to the respective grades when and as reached by the application of this plan."[2]

The Court shall retain jurisdiction to make such other and further orders as it may deem necessary and just, and which changes of circumstances might require.

DONE AND ORDERED in Chambers at Lake Charles, Louisiana, on this the 20th day of April, 1965.

*Edwin F. Hunter*
UNITED STATES DISTRICT JUDGE

---

2. Lockett v. Muskogee County School District, No. 21,662 (5 C.C.A.) decided February 24, 1965.

EDWIN F. HUNTER, JR.
JUDGE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

April 22, 1965

Mr. Henry L. Yelverton, Assistant District Attorney
Calcasieu Parish Court House
Lake Charles, Louisiana

Mr. A. P. Tureaud, Attorney at Law
1821 Orleans Avenue
New Orleans, Louisiana

    Re: Conley, et al v. School Boards
      Civil Action No. 9981-LC

Gentlemen:

Enclosed is "Order Approving Plan of Desegregation.

        Very truly yours,


        Edwin F. Hunter, Jr.

EFH:fm
cc: Mr. Alton L. Curtis

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

APR 23 1965

ALTON L. CURTIS, CLERK
BY _____ DEPUTY